IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GLEN SCHEINBERG,

    Plaintiff,

        v.                       CIVIL NO.: 24-1567 (SCC)

STORY TERRACE INC.,

    Defendant.

**OPINION AND ORDER**

    **I.**    **INTRODUCTION**

Pending before the Court is a discovery dispute between Plaintiff Glen Scheinberg ("Scheinberg") and Defendant Story Terrace Inc. Story Terrace Inc. moves to quash two sets of subpoenas under Federal Rule of Civil Procedure ("FRCP") 45(d)(3) and requests protective orders under FRCP 26(c)(1)(D). ECF Nos. 55, 56. The first set of subpoenas (hereafter "Investor Subpoenas") has been served on five investors in the now defunct parent company of Story Terrace Inc., itself called Story Terrace LTD. *See* ECF. Nos. 55-1 - 55-5. The Investor Subpoenas seek valuation data for "Story Terrace" that was provided to investors. The second set of subpoenas (hereafter "Bank Subpoenas") seek financial information regarding Story Terrace Inc. from six banks and one accounting firm that Story Terrace Inc. may have had business relations with. *See* ECF Nos. 56-1 - 56-7.

    **II.**    **DISCUSSION**

Scheinberg argues that Story Terrace Inc. does not have standing to challenge subpoenas served on third parties. However, a party "need not have standing to challenge a third-party

subpoena where 'the court could effect the relief [it] seek[s] sua sponte." *Philips Med. Sys. P.R. v. Alpha Biomedical & Diagnostic Corp.*, 2020 U.S. Dist. LEXIS 260548 at *4-*5. (D.P.R. Aug. 12, 2020) (quoting *Green v. Cosby*, 2017 U.S. Dist. LEXIS 55229, at *2-3 (D. Mass. Apr. 11, 2017)). In *Philips*, the court granted a party's motion to quash third-party subpoenas despite arguments that the movant lacked standing to challenge the subpoenas. The court noted that "District courts possess 'inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."'" *Id.* (quoting *Dietz v. Bouldin*, 579 U.S. 40, 136 2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, (1962))). These powers permitted the *Philips* court to consider the motion to quash; they likewise do so here.

FRCP 26 allows discovery of "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. In turn, FRCP 45 provides several situations in which a court must quash a subpoena, thereby protecting those served from discovery. As relevant to these motions FRCP 45 holds that "[o]n timely motion, a court must quash or modify a subpoena if the subpoena:…. [s]ubjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Plaintiff asserts that the requested discovery is relevant because they have made a claim of punitive damages in the complaint. The financial status of a company is relevant to the question of how large an award of punitive damages would be appropriate. *See Est. of Radames Tejada v. Flores*, 596 F. Supp. 2d 205, 219 (D.P.R. 2009) (holding that it is appropriate for a jury to hear evidence of a defendant's ability to satisfy a verdict when assessing potential punitive damages). However, there is split authority as to what showing must be made for a party to be entitled to financial discovery.

The majority position is that "if a plaintiff has alleged sufficient facts to claim punitive damages against a defendant, information of the defendant's net worth or financial condition is relevant because it can be considered in determining punitive damages." *Aerotech Resources, Inc. v. Dodson Aviation, Inc.*, 2001 U.S. Dist. LEXIS 6021, 2001 WL 3953979, at *2 (D. Kan. Apr. 11, 2001) (citing *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.*, 1995 U.S. Dist. LEXIS 15416, 1995 WL 625962, *3 (D. Kan. Oct. 5, 1995)). S*ee also CEH, Inc. v. FV "Seafarer"*, 153 F.R.D. 491 (D.R.I. 1994); *Kramer v. Nat'l Credit Sys., 2010 U.S. Dist. LEXIS 147617 (S.D. Iowa Apr. 12, 2010)*; *Canon Sols. Am., Inc. v. Gungap*, 2016 U.S. Dist. LEXIS 189050 (C.D. Cal. Aug. 19, 2016).

In a minority of jurisdictions, merely claiming that the defendant's conduct qualifies for punitive damages will not suffice. One approach is to require that the complaint must allege a set of circumstances which will demonstrate to the Court at least a "real possibility" that punitive damages will be at issue." *Chenoweth v. Schaaf*, 98 F.R.D. 587, 599 (W.D. Pa. 1983). Other courts require that a prima facie showing be made that punitive damages are called for before financial discovery can occur. *See Skinner v. Aetna Life Ins. Co.*, 1984 U.S. Dist. LEXIS 19817 at *2-*3 (D.D.C. Feb. 2, 1984).

Assuming *arguendo* that the plaintiff has made a sufficient showing that punitive damages are called for, the contents of both sets of subpoenas are still well beyond potentially relevant material. When much of the requested material in a subpoena is irrelevant, that itself subjects the respondents to undue burden. *Stecklein v. Experian Info. Sols.*, Inc., 113 F.4th 858, 862 (8th Cir. 2024). Here, the documents requested in the Investors Subpoenas ask for "[a]ll documents relating to, referring to, or reflecting the valuation of Story Terrace." Insofar as this request refers to Story Terrace LTD, the defunct parent company of the defendant Story Terrace

3

Inc., the request is irrelevant. Story Terrace LTD has not been sued in the present action and their financial information does not relate to the current value of their former subsidiary. Scheinberg asserts that Story Terrace Inc. has comingled funds with other companies within its corporate structure as an explanation for why the information is relevant. However, Scheinberg has not made a sufficient showing that would allow a piercing of the corporate veil. Without that showing, the corporate formalities must be respected and only the named defendant, Story Terrace Inc., can be held liable for any punitive damages awarded. The financial status of other companies in its corporate structure is not relevant.

Even if the Investor Subpoenas were targeting Story Terrace Inc., the request for information remains overbroad. As an example, Scheinberg demands "[a]ll correspondence related to any sale of Story Terrace or its assets to any other entity". These subpoenas capture far more information than the *current* valuation of Story Terrace Inc., the relevant information for punitive damages. ECF No. 55-1 at 5. The Investor Subpoenas do not even define with date ranges what documents would be responsive, instead asking for all documents that meet the criteria regardless of date. Without dates, the Investor Subpoenas are not circumscribed to information relevant to Sheinberg's claims and thus present an undue burden.

As for the Bank Subpoenas, they also seek irrelevant information and therefore subject the third parties to an undue burden. As with the Investor Subpoenas, Scheinberg does not limit himself to seeking information on the current financial situation of the defendant. Instead, he seeks financial information from January 1, 2020, to the present. *See* ECF 56-1 at 6. "A request for non-current financial information is irrelevant to a punitive damages determination. Even where a claim for punitive damages has some factual support, discovery related to financial status should be limited to net worth and the production of an annual or period balance sheet

under an appropriate protective order." *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009). Additionally, Scheinberg seeks information not only regarding the actual finances of Story Terrace Inc., but also regarding its applications for credit accounts and loans. *See* ECF. 56-1 at 6-7. Once again, the subpoenas are unnecessarily overbroad.

      Finally, the relevant requested information in both sets of subpoenas is information that Story Terrace Inc. itself should be able to provide. "Courts have recognized that if material sought by subpoena is readily available to a party in the action… then obtaining it through subpoena on a nonparty often will create an undue burden." *Philips Med. Sys. P.R.*, 2020 U.S. Dist. LEXIS 260548 at *6 (citing *Ponder v. Ocwen Loan Servicing, LLC*, 2019 U.S. Dist. LEXIS 87616 at *1-3 (D. Mass. May 24, 2019)). In his opposition Scheinberg argues that "[t]o date, Story Terrace has prevented Glen from obtaining such financial information." ECF No. 60 at 9. However, the failure to obtain financial discovery from Story Terrace Inc. falls at Scheinberg's feet. Scheinberg made a Request for Production containing demands for much of the same financial information he now seeks on March 7, 2025, the deadline to serve written discovery requests in this case. ECF No. 42. When Scheinberg received what he believed was deficient discovery on April 7, 2025, he waited almost three months to bring that fact to Story Terrace Inc.'s attention and over five months to file a Motion to Compel. ECF No. 47. Due to this delay, Scheinberg's Motion to Compel was found to be untimely. *Id.* Scheinberg now seeks to remedy his lack of diligence by drawing non-parties into discovery for information that should have been obtained from Story Terrace Inc. Since Scheinberg has failed to show that he could not have obtained this information from Story Terrace Inc. if he had exhausted reasonable efforts in a timely manner, his subpoenas to nonparties constitute an undue burden and must be quashed under FRCP 45(d)(3)(A)(iv).

### III. CONCLUSION

For the foregoing reasons, it is ordered that Defendant's Motions to Quash (ECF Nos. 55, 56) be GRANTED. Both the Investor Subpoenas and the Bank Subpoenas are quashed. Story Terrace Inc.'s Motions for Protective Orders contained within their Motions to Quash are deemed moot as the subpoenas they refer to have been quashed. The requests by both parties for attorney's fees are DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of December, 2025.

s/Marcos E. López<br>U.S. Magistrate Judge